United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY FALK, LEE KRATZER and BARBARA McRAE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS CORPORATION, a Delaware Corporation<br><br>Defendant. | No. C 07-01731 WHA<br><br>**ORDER DENYING MOTION TO STAY** |

**INTRODUCTION**

In this putative consumer-products class action, defendants move for a stay. Defendants have filed a motion with the Judicial Panel on Multi-District Litigation to consolidate this action with two other actions filed in different states. Plaintiffs agree that the three actions should be consolidated, but parties disagree on where they should ultimately be transferred. Defendant wishes to stay this action pending the outcome of the consolidation motion. Parties are well into conducting discovery for plaintiffs' upcoming class certification motion. This action will not be stayed and discovery will proceed as scheduled. The Court is, however, willing to consider continuing the schedule for plaintiffs' class certification motion by one month, provided parties complete the scheduled discovery. Accordingly defendant's motion to stay is **DENIED**.

**STATEMENT**

Plaintiffs in this action are California residents who purchased trucks or sport utility vehicles from defendant General Motors between 2003 and 2007. In the case of each plaintiff, the speedometer on his or her vehicle ceased to function properly after the expiration of the vehicle's warranty. Plaintiffs claim damages suffered on account of these broken speedometers. Allegedly, GM knew of the defect but failed to inform consumers.

This action was filed on March 27, 2007. It purports to represent a class of all California residents who purchased certain GM light trucks and sport utility vehicles between 2003 and 2007. Plaintiffs asserted claims under California's Consumer Legal Remedies Act and Unfair Competition Law, as well as claims for fraud by omission and unjust enrichment. An order dated July 3, 2007, granted defendant's motion to dismiss the unjust enrichment claim.

Thereafter, plaintiffs served GM with discovery requests on June 21, 2007. GM responded, but plaintiffs believed the responses to be incomplete and insufficient (Olson Decl. ¶ 8). Parties met and conferred regarding discovery thereafter, and such meetings are, according to plaintiffs, still ongoing. Plaintiffs have also noticed depositions of GM personnel for the week of October 23, 2007, which, due to scheduling conflicts, are slated to occur the first week in November (*id*. at ¶ 10). Plaintiffs have also started to take third-party discovery from Delphi and ISM, two of GM's component suppliers. Plaintiffs' opening brief for class certification is due on December 4, 2007.

Two similar actions have been filed in federal district courts in Washington and Oregon. These are *Robert W. Christensen, Terry M. Kelly and Peggy Kelly, et al. v. General Motors Corporation*, No. CV 07-0512 HA, and *Kevin Zwicker and Teresa K. Palmer, et al. v. General Motors Corporation,* No. C 07-0291 JCC. Both actions stemmed from flaws in the speedometers of GM light trucks and sport utility vehicles. They allege that plaintiffs have suffered damages because of malfunctioning speedometers, and that GM failed to disclose the defect.

The *Christensen* action was filed on April 9, 2007 in the District of Oregon. It asserted claims for violation of Oregon's Unfair Trade Practices Act, breach of express warranty, breach of implied warranty, violation of Oregon's Consumer Warranty Act, and unjust enrichment. Parties in that action stipulated to file an amended complaint on July 23, 2007. GM filed a motion to dismiss the amended complaint on August 22, 2007, and parties stipulated to stay the action on September 13, 2007 (Olson Decl. ¶¶ 13–14). The motion to dismiss is still pending.

The *Zwicker* action was filed on February 23, 2007, in the Western District of Washington. Plaintiffs filed an amended complaint on March 16, 2007. GM moved to dismiss on April 19, 2007. The motion was granted as to the unjust enrichment claim and denied as to all others (*id*. at ¶¶ 15–16). The Zwicker plaintiffs have served discovery requests on GM, to which it responded on September 10, 2007 (*id*. at ¶¶ 19–20). GM moved to stay that action, and plaintiffs filed a statement of non-opposition. That action is currently stayed.

Defendant filed a motion for transfer and consolidation of the three actions under 28 U.S.C. 1407 with the Judicial Panel on Multidistrict Litigation on September 6, 2007. Plaintiffs' response was due on September 26, 2007. Oral argument on the motion to consolidate and transfer is scheduled for November 29, 2007. Both parties agree that the three actions should be consolidated, but GM favors transfer to the Western District of Washington, while plaintiffs favor transfer to this district.

**ANALYSIS**

The power to grant a temporary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Nothing requires that an action be stayed when a motion to consolidate and transfer is pending. The Panel's rules state:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

3

J.P.M.L. Rule 1.5. When considering whether to stay proceedings pending a consolidation order, factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party. *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Nielsen v. Merck & Co.*, 2007 WL 806510, *1 (N.D. Cal. May 15, 2007) (Jenkins, J.).

### 1. CONSERVING JUDICIAL RESOURCES.

GM anticipates that the motion to consolidate the three actions will be granted. The allegations in all three complaints are substantially the same. Plaintiffs in all three actions allege that GM's speedometers in its light trucks and sport utility vehicles are defective, and that GM knew about the defect and failed to tell consumers. All three complaints seek remedies for fraud and for violations of their respective states' consumer laws. In addition, plaintiffs favor consolidation. The only point of contention between parties is where these actions should proceed.

Defendant argues that staying this action now would conserve resources for two reasons. A stay would eliminate duplicative discovery and duplicative work on plaintiffs' motion to certify a class. As to discovery, defendant argues that allowing discovery to proceed now would result in inconsistent rulings and duplicative work. Plaintiffs and defendants have scheduled depositions for the first week in November, and defendant has produced a number of documents. Bringing discovery to a halt at this time would make little sense. Defendant would have to turn over the same documents, and plaintiffs would have to depose the same witnesses whether or not these actions are consolidated and transferred. Defendant also fears inconsistent rulings on discovery. At this time, this action is the only one going forward. Moreover, any harm from inconsistent rulings would be minimal.

Plaintiffs point out that their motion to certify a class must be filed on December 4, 2007, to be heard on January 11, 2007. They argue that this disfavors a stay and favors proceeding with discovery. Oral argument in front of the MDL Panel is scheduled for November 29, 2007. It is uncertain when a decision on the motion to consolidate and transfer

4

will issue.  Provided the depositions scheduled in the first week of November go forward, it may be wise to continue the date for filing plaintiffs' motion for class certification by about a month, to January 3, 2007.  This could prevent some duplicative work that would take place in the event that the actions are consolidated.  If that happens, the transferee judge would likely set his or her own schedule for class certification.  Accordingly, this factor favors denying the stay while leaving open the possibility of postponing class certification proceedings.

### 2. HARDSHIP TO DEFENDANT.

Costs and financial burden on a party having to defend itself in multiple fora is a factor that favors the entry of a stay pending a decision by a JPML.  *The Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 427 (D. N.J. 2003) (Bassler, J.).  GM argues that continuing to conduct discovery and motion practice in this action would drain its time and resources.  Plaintiffs are scheduled to depose a number of GM employees in the first week of November.  GM's argument ignores the fact that those depositions will probably have to be taken at some point regardless of the outcome of the consolidation motion.  Any subsequent discovery issues can be either ruled upon in this Court or settled by the transferee judge.

As to the upcoming deadline for plaintiffs' motion for class certification, GM points out that both parties might needlessly expend time and money.  Although plaintiffs' brief is currently due in early December, the motion will not be heard until January.  By then, the Panel may have ruled to transfer the action.  If this action gets transferred, the transferee court would probably set its own schedule to hear class certification motions.  GM's concern is valid, however, it is no reason to stop discovery.  Moving the briefing schedule back by a month may be a wise idea provided, however, discovery moves forward as planned.

### 3. PREJUDICE TO PLAINTIFFS.

Plaintiffs argue that they would suffer prejudice if this action were stayed.  They point out that trial in this action is set to being on October 6, 2008, less than one year from now.  Also, they are awaiting discovery from GM and have scheduled a number of depositions for the first week in November.  This discovery is necessary for filing their motion for class certification, as well as for preparing the rest of their case.  Here, the motion to consolidate and

transfer is fully briefed before the MDL Panel, oral argument is scheduled for November 29, but it is unknown when a decision will come. It would be unwise now to stay this action for an indefinite period of time, particularly where both parties would have to take time to ramp up discovery efforts after the stay is lifted.

Plaintiffs point out that their class certification brief is due in less than two months time. They wish to keep this schedule in view of the trial date. If the scheduled discovery proceeds, however, there would be little time lost if the class certification schedule were continued by a month. The Panel may make a decision on the consolidation motion before that time. If they decide to consolidate and transfer, the transferee judge will have control over scheduling. If not, then class certification will proceed, while still giving plenty of time to prepare for trial.

On balance, the factors do not favor staying this action. This action is too far advanced to bring everything to a halt. After the stay is lifted, both parties would have to go back over the same ground again. Accordingly, defendant's motion to stay this action is **DENIED**.

## CONCLUSION

For all of the above-stated reasons, defendant's motion to stay this action pending the resolution of the motion to consolidate and transfer is **DENIED**. Parties are ordered to go forward with the depositions of GM employees scheduled for the first week in November. The Court is inclined to continue the motion for class certification by one month such that plaintiffs' brief would be due on January 3, 2007, but is fearful a postponement would be used to derail the depositions set now for the first week in November. The parties should notify the Court once the scheduled depositions have taken place, then another order will issue.

**IT IS SO ORDERED.**

Dated: October 22, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6