**FILED**

A CERTIFIED TRUE COPY
ATTEST

By April Layne on Jan 08, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 16 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

UNITED STATES JUDICIAL PANEL
on
**MULTIDISTRICT LITIGATION**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jan 08, 2008**

FILED
CLERK'S OFFICE

C 07-1731 WHA

## IN RE: GENERAL MOTORS CORP. SPEEDOMETER
## PRODUCTS LIABILITY LITIGATION

MDL No. 1896

### TRANSFER ORDER

**Before the entire Panel\***: Common defendant General Motors Corp. (GM) has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation for coordinated or consolidated pretrial proceedings in the Western District of Washington. Although agreeing that centralization was appropriate, all plaintiffs initially suggested selection of the Northern District of California as transferee district, but at the Panel hearing session plaintiffs acquiesced to selection of the Western District of Washington as transferee district.

This litigation presently consists of three actions listed on Schedule A and pending as follows: one action each in the Northern District of California, the District of Oregon and the Western District of Washington.

On the basis of the papers filed and the hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether (1) 2003-07 GM light pick-up trucks and sport utility vehicles have speedometers which register and display inaccurately, and (2) GM failed to disclose and/or fraudulently concealed this alleged defect. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We further find that the Western District of Washington is an appropriate transferee district for this litigation, because (1) the action pending there is proceeding well, (2) this district has the capacity to handle this litigation, and (3) all parties now agree upon selection of this district as transferee forum.

---

\* Judge Scirica took no part in the disposition of this matter.

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____
Deputy Clerk

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Washington are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable John C. Coughenour for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica*

**IN RE: GENERAL MOTORS CORP. SPEEDOMETER
PRODUCTS LIABILITY LITIGATION**       MDL No. 1896

## SCHEDULE A

Northern District of California

Roy Falk, et al. v. General Motors Corp., C.A. No. 3:07-1731 ( ᴊᴴᴬ

District of Oregon

Robert W. Christensen, et al. v. General Motors Corp., C.A. No. 3:07-512

Western District of Washington

Kevin Zwicker, et al. v. General Motors Corp., C.A. No. 2:07-291